NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAI-TRANG THI NGUYEN,

        Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

No. 24-2221

D.C. No. 5:23-cv-06047-VKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Virginia Kay DeMarchi, Magistrate Judge, Presiding[**]

Submitted March 17, 2025[***]

Before:    CANBY, R. NELSON, and FORREST, Circuit Judges.

Mai-Trang Thi Nguyen appeals pro se from the district court's judgment

dismissing her 42 U.S.C. § 1983 action alleging First Amendment claims arising

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

from the United States' support for Israel's military actions in Gaza. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(1). *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). We affirm.

The district court properly dismissed Nguyen's action for lack of subject matter jurisdiction because Nguyen's claims present nonjusticiable political questions. *See Def. for Child. Int'l-Palestine v. Biden*, 107 F.4th 926, 930 (9th Cir. 2024) (setting forth factors for analyzing whether a claim presents a nonjusticiable political question).

We lack jurisdiction to consider the district court's denial of Nguyen's motion for reconsideration because Nguyen failed to file a separate or amended notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

We reject as unsupported by the record Nguyen's contentions that the district court was biased against her.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**